IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KIMBERLY SUE NIRMAIER,            )
                                  )
          Plaintiff,              )
                                  )
    -vs-                          )    Civil Action No.  12-256
                                  )
CAROLYN W. COLVIN,[1]             )
COMMISSIONER OF SOCIAL SECURITY,  )
                                  )
          Defendant.              )

AMBROSE, Senior District Judge.

## OPINION
### and
### ORDER OF COURT

### SYNOPSIS

Pending before the Court are Cross-Motions for Summary Judgment. (Docket Nos. 11 and 16). Both parties have filed Briefs in Support of their Motions. (Docket Nos. 12 and 17). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Defendant's Motion for Summary Judgment (Docket No. 16) and denying Plaintiff's Motion for Summary Judgment. (Docket No. 11).

### I.  BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits pursuant to the Social Security Act ("Act").  Plaintiff filed an application for benefits on August 31, 2010, alleging she had been disabled due to a back injury, chronic back pain, fibromyalgia, arthritis, and severe headaches since July 30, 2010. (Docket Nos. 6-3, p. 1; 6-6, pp. 2, 6). Administrative Law Judge ("ALJ") David Hatfield, held a hearing on March 30, 2012.   (Docket No.

---

[1] Carolyn W. Colvin became acting Commissioner of Social Security on February 14, 2013, replacing Michael J. Astrue.

1

6-2, pp. 23-32). On April 20, 2012, the ALJ found that Plaintiff was not disabled under the Social Security Act. (Docket No. 6-2, pp 10-19). After exhausting all of his administrative remedies thereafter, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 11 and 16). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel,* 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

2

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

**B.  WHETHER THE ALJ ERRED IN AFFORDING THE OPINION OF PLAINTIFF'S TREATING PHYSICIAN, DR. OYLER, ONLY "SOME WEIGHT"**

Plaintiff argues that the ALJ erred in according Plaintiff's treating physician, Dr. Oyler, only "some weight." (ECF No. 12, pp. 15-18). The amount of weight accorded to a treating physician's opinions is well established.

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.' " Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where ...

> the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. Id. Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Commissioner of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, *5 (3d Cir. Dec. 14, 2010).

Plaintiff points out that on September 27, 2010, Dr. Oyler completed a medical source statement. (ECF No. 6-7, pp. 27-28). "Some weight" was given to Dr. Oyler's assessment by the ALJ that Plaintiff could perform light work. (ECF No. 6-2, p. 17). The ALJ, however, did not give significant weight to Dr. Oyler's limits on sitting and certain postural movements because they exceeded the medical findings and were not supported by or consistent with the "objective findings noted in imaging studies and physical examinations throughout the claimant's treatment records…." (ECF No. No. 6-2, p. 17). After a review of the entire record, I agree with the ALJ.

To begin with, Dr. Oyler completed the medical source statement, a "checked-box" form, prior to being Plaintiff's treating physician. As Plaintiff admits, the "checked-box" form was filled out by Dr. Oyler on September 27, 2010, yet he did not start treating Plaintiff until October 1, 2010. (ECF No. 12, p. 17; ECF No. 6-8, pp. 29-30). The Third Circuit has clearly established that this type of check-box and fill in the blank form (R. 150-155) is not to be provided significant weight and should be considered the least reliable source of evidence. *Mason v. Shalala*, 994 F.2d 1058, 1065 (3d. Cir. 1993) ("form reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best."). Additionally, Dr. Oyler's opinion in the "checked-box" form was inconsistent with his own findings showing no abnormalities, deficits, or acute distress, normal ranges of motion and resolved low back pain. (ECF No. 6-8, pp. 17-30). Plaintiff, herself, denied any leg weakness. (ECF No. 6-8, pp. 23-24). Moreover, there is no evidence of record to support Dr. Oyler's limits on sitting and certain postural movements.

4

Consequently, after a review of the entire record, I find there was substantial evidence to support the decision of the ALJ. *See,* ECF Nos. 6-7, pp. 4-5, 11-12; 17-18; 41-45; 6-8, pp. 3, 17-19, 21-27, 29-30; 6-9, pp. 3, 9, 27, 37 . Therefore, I find no error by the ALJ in affording Dr. Oyler's opinion contained in his "checked-box" form only "some weight." *See,* 20 C.F.R. §404.1527.

**C.     WHETHER THE ALJ ERRED IN ASSESSING PLAINTIFF'S CREDIBILITY**

Plaintiff next argues that the ALJ erred in failing to find her fully credible. (ECF No. 12, pp. 18-20). To be clear, an ALJ is charged with the responsibility of determining credibility. *Smith v. Califano,* 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson,* 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied,* 420 U.S. 931 (1975). The ALJ must consider "the entire case record" in determining the credibility of an individual's statement. SSR 96-7p. The ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reason for that weight." *Id*. I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

The thrust of Plaintiff's argument here is that the ALJ listed some things Plaintiff could do but did not spell out the things she testified she could not do. (ECF No. 12, p. 19). The ALJ is not required to list every single limited daily activity the Plaintiff describes. It is sufficient that the ALJ found Plaintiff's statements not to be credible to the extent they were inconsistent with the residual functional capacity assessment. (ECF No. 6-2, p. 18). After a thorough review of the record as a whole, and based on the above, I find that the ALJ did as required under SSR 96-7p. He properly evaluated Plaintiff's statements based on the entire record as a whole, including the

5

medical records and objective findings. (ECF No. 6-2, pp. 17-18). Therefore, I find his decision was supported by substantial evidence. Thus, I find the ALJ did not err in this regard.

Plaintiff further did not think the ALJ should assume that one's ability to perform activities of daily living (driving a car and visiting family) should mean that one is able to function in a job setting. Both SSR 96-7p and 20 C.F.R. 416.929 deal with assessing the credibility of an individual's statements. Therein it states that, when assessing credibility, an ALJ is required to look at the entire record as a whole, including an individual's daily activities. *Id.* Consequently, reviewing Plaintiff's activities of daily living such as driving and visiting family are completely consistent with the ALJ's duties. Therefore, after a thorough review of the record as a whole, and based on the above, I find that the ALJ properly evaluated Plaintiff's statements based on the entire record as a whole and his decision was supported by substantial evidence. *Id.* Thus, I find the ALJ did not err in this regard.

### D. <u>WHETHER THE ALJ ERRED IN FAILING TO ADOPT A HYPOTHETICAL THAT ACCURATELY REFLECTS PLAINTIFF'S LIMITATIONS</u>

The next argument by Plaintiff is that the ALJ asked the vocational expert hypothetical questions that do not accurately reflect Plaintiff's impairment since they failed to include the limitation that Plaintiff can never stoop; therefore, the ALJ erred in relying on the responses by the vocational expert that failed to include said limitation. (ECF No. 12, pp. 20-21). I disagree. An ALJ is required to accept only hypothetical questions which accurately reflect a plaintiff's impairments. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984)*; Chrupcala v. Heckler,* 829 F.2d 1269, 1276 (3d Cir. 1987); *Martinez v. Heckler,* 807 F.2d 771, 774 (9th Cir. 1986) (an ALJ may reject hypothetical questions by Plaintiff's attorney that are more restrictive than his own). As I noted above, the ALJ properly gave little weight to such evidence as it was unsupported by the medical evidence of record. Thus, the record reveals substantial evidence that the ALJ's

hypothetical questions accurately reflected Plaintiff's impairments. Consequently, I find no error in this regard.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KIMBERLY SUE NIRMAIER,          )
                                                )
          Plaintiff,            )
                                                )
  -vs-                                )          Civil Action No.   12-256
                                                )
CAROLYN W. COLVIN,[2]                )
COMMISSIONER OF SOCIAL SECURITY,   )
                                                )
          Defendant.           )

AMBROSE, Senior District Judge.

## **ORDER OF COURT**

THEREFORE, this 8th day of January, 2014, it is ordered that the decision of the ALJ is affirmed and Plaintiff's Motion for Summary Judgment (Docket No. 11) is denied and Defendant's Motion for Summary Judgment (Docket No. 16) is granted.

                                                BY THE COURT:

                                                s/   Donetta W. Ambrose
                                                Donetta W. Ambrose
                                                United States Senior District Judge

---

[2] Carolyn W. Colvin became acting Commissioner of Social Security on February 14, 2013, replacing Michael J. Astrue.